IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BANK OF NEW YORK MELLON AS TRUSTEE FOR THE BENEFIT OF CERTIFICATE HOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2004-6,<br><br>Plaintiff,<br><br>v.<br><br><br><br>PATRICIA COTTON<br><br>Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. H-13-756<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

### MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge upon referral from the District Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), is Plaintiff Bank of New York Mellon Trust Company, N.A.'s (f/k/a The Bank of New York Trust Company, N.A.), as Trustee for the Benefit of Certificate Holders of the CWABS Inc., Asset-Backed Certificates Series 2004-6 ("Plaintiff" or "BONY") Motion for Summary Judgment (Document No. 12). Plaintiff seeks judgment awarding it possession of realty obtained at a non-judicial foreclosure sale. Defendant Patricia Cotton has responded to the Motion, contending that she improvidently removed the instant action and that this Court should remand the action to the County Civil Court at Law No. One, Harris County Texas. (Document No. 15). Having considered the parties' submissions and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Court remand the matter to the County Civil Court at Law

No. One, Harris County, Texas because this Court lacks subject-matter jurisdiction.

## I. Background and Procedural History

On or about May 24, 2009, Defendant Cotton purchased and occupied a home at 407 West Obion Road, Houston, Texas ("the Property"). (Notice of Removal, Document No. 1, Deed of Trust, p. 29-40). Plaintiff purchased the Property at a non-judicial foreclosure sale on November 6, 2012. (Document No. 1, Substitute Trustee's Deed, p. 24-28). Defendant, however, remained in possession of the Property after the sale. On December 23, 2013, Plaintiff filed an "Original Petition for Forcible Entry and Detainer" against Defendant in the Harris County Justice Court Precinct One, Place Two (1-2) Cause Number EV12C0026969 on December 23, 2012. (Notice of Removal, page 17-42). On January 12, 2013, Defendant was served with the eviction summons and petition. (Notice of Removal, at 14-15). Plaintiff prevailed on the merits and was awarded judgment for possession of the Property on January 23, 2013. Defendant, appearing *pro se* and *in forma pauperis*, appealed to the County Civil Court at Law No. One (1) of Harris County Texas Docket Number 1027338. The matter was set for trial on March 18, 2013. On the day it was set for trial, Defendant, apparently appearing *pro se*, removed the instant action, claiming diversity jurisdiction under 29 U.S.C. § 1332. Defendant alleged that the amount in controversy exceeds $75,000 based on the fact that the current market value of the Property is $77,569.00. Curiously, Plaintiff did not move to remand the case. Instead, on July 11, 2014, Plaintiff filed a Motion for Summary Judgment, arguing that this Court should enter judgment on its behalf and award it possession of the Property. In her Response, Defendant -- now represented by counsel -- alleges that Defendant's removal was improper because the amount in controversy does not exceed $75,000. Also, even though the the matter was improvidently removed by *pro se* Defendant, Defendant requests that attorney fees and

costs not be awarded to Plaintiff. Plaintiff did not file a reply.

## II. Discussion

The law is clear that a party may remove an action from state court to federal court only if the action is one over which the federal court possesses subject-matter jurisdiction. *See* 28 U.S.C. § 1411(a). Removal is proper in any case in which the federal court would have had original jurisdiction. *Id.* As such, the court looks to the claims in the Original Petition at the time of removal to determine the propriety of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). The burden is on the removing party to show that federal jurisdiction exists and that removal was proper. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). With respect to diversity jurisdiction, a federal court has jurisdiction over controversies involving disputes between citizens of different states only where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG. Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

In a forcible-entry-and-detainer case, the only issue to be determined "is whether the party seeking to obtain possession is entitled to actual and immediate possession." *Bruce v. Fed. Nat'l Mortg. Ass'n,* 353 S.W.3d 891, 893 (Tex.App.-Dallas 2011, writ denied); *Dews v. Floyd*, 413 S.W.2d 800, 805 (Tex.Civ.app.-Tyler 1967)(stating, in a forcible-entry-and-detainer case, "[t]he primary object of such a suit is a recovery of possession. The primary issue is the right to possession."). Thus the amount in controversy is not the value of the property but the "value of the right to possess or occupy the property at issue." *Ezon v. Cornwall Equities, Ltd.*, 540 F.Supp. 885, 888 (S.D.Tex. 1982);; *Fed. Nat'l Mortg. Ass'n v. Ramirez*, No. 3:13-cv-2082-M, 2013 WL 6768002, at 2 (N.D.Tex. Dec. 23, 2013); *Fed. Nat'l Mortg. Ass'n v. Perry*, No. 3:13-cv-4015-B, 2013 WL

6231556, at *2 (N.D.Tex. Dec. 2, 2013); *Real Wisdom Invs., L.L.C. v. Phillips*, No. H-13-3028, 2013 WL 5657843, at *2 (S.D.Tex. Oct. 16, 2013)("[A]n eviction action only seeks possession of property. Ownership of the home is not a matter of controversy in an eviction suit.").

Here, because the amount-in-controversy requirement has not been met, removal was improper and the Magistrate Judge concludes that the matter must be remanded. There are no federal claims alleged in Plaintiff's state-court action. Forcible-detainer actions are governed by the Texas Property Code and are questions of state law, not federal law. *See* Tex. Prop. Code Ass. § 24.001, *et. seq.*; *Fed. Nat'l Mortg. Ass'n v. Elliot*, No. 3:10-CV-1321-L, 2010 WL 4627833, at *4 (N.D.Tex. Nov. 16, 2010)(holding that a forcible detainer action to evict residents and obtain physical possession of property under Tex. Prop. Code § 24.004 does not raise a federal claim or provide a basis for federal-question jurisdiction). As for Defendant's request that the attorney fees and costs not be awarded, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). When determining whether the improper removal of a case to federal court warrants an award of attorney fees, the court does not consider the motive of the removing defendant. Instead the Court looks at whether the defendant had objectively reasonable grounds to believe the removal was legally proper. *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292-293 (5th Cir. 2000). The decision to award costs in within the Court's discretion. *See id.* at 292. Plaintiff did not request attorney fees and costs. Plaintiff did not file a Reply to Defendant's Response. Here, the removal was effectuated by Defendant while apparently proceeding *pro se*. Given Defendant's *pro se* status, the Magistrate Judge recommends that Plaintiff not be awarded costs and fees. *See Fed. Nat'l Mortg. Ass'n v. Ramirez*, No. 3:13-cv-4084-M, 2013 WL 6768002, at *3 (N.D.Tex. Dec. 23, 2013)(declining to

award attorneys' fees and costs because the Court could not say that the removal was objectively unreasonable where the defendant was *pro se* and proceeding *in forma pauperis*); *Wells Fargo Bank, N.A. v. Anderson*, No. 3:11-CV-024-K, 2011 WL 1135121, at *3 (N.D.Tex. Mar. 28, 2011)(denying award of fees and costs in a removed forcible-detainer action by a *pro se* defendant because of the facts and circumstances).

### III. Conclusion

For the reasons set forth above, the Magistrate Judge RECOMMENDS that the matter be REMANDED to the County Civil Court at Law No. One (1) Harris County, Texas for further proceedings.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen-day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Serv. Auto Assn*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Court Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 11th day of September, 2014

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE