```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION
```

BANK OF NEW YORK MELLON AS            §
TRUSTEE FOR THE BENEFIT OF            §
CERTIFICATE HOLDERS OF THE            §
CWABS INC., ASSET-BACKED              §
CERTIFICATES, SERIES 2004-6,          §
                                      §
         Plaintiff,                  §
                                      §
VS.                                   §   CIVIL ACTION NO. H-13-756
                                      §
PATRICIA COTTON,                      §
                                      §
         Defendant.                  §

## OPINION AND ORDER OF REMAND

Pending before the Court in the above referenced cause for forcible entry and detainer, removed from state court on diversity grounds by Defendant Patricia Cotton ("Cotton") when she was proceeding *pro se*, are (1) Plaintiff Bank of New York Mellon's ("BONY's") motion for summary judgment (instrument #12) and (2) United States Magistrate Judge Frances Stacy's memorandum and recommendation (#16) that this case be remanded to the County Civil Court at Law No. One, Harris County, Texas because this Court lacks subject-matter jurisdiction over it. Neither BONY nor Cotton has filed objections to the memorandum and recommendation.

### Standard of Review

Findings to which no specific objections are made require that the Court only to decide whether a magistrate judge's memorandum and recommendation is clearly erroneous or contrary to law. *Id., citing U.S. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The district court "may accept, reject, or modify, in whole or in part,

the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### Diversity Jurisdiction and Removal

For a federal court to exercise diversity jurisdiction, the citizenship of each plaintiff must be diverse from the citizenship of each defendant and the amount in controversy must exceed the jurisdictional minimum of $75,000.00. 28 U.S.C. § 1332(a). The party invoking diversity jurisdiction bears the burden of proving that it exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Thus the removing party must satisfy its burden of proof that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, by demonstrating that it is facially apparent from the petition that the claim likely exceeds that amount or by setting forth facts in controversy that support a finding that it does. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Courts have "a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte* at any time." *MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). "Any doubt about the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

As observed by the Magistrate Judge and supported by documents in the record, the procedural history of this suit is odd. In May 24, 2009 Cotton purchased the house at 407 West Obion Road, Houston, Texas. On November 6, 2012, BONY purchased the property

at a non-judicial foreclosure sale.  Nevertheless, Cotton remained in possession of the property and on December 23, 2012, she filed an "Original Petition for Forcible Entry and Detainer" against BONY in the Harris County Justice Court Precinct One, Place Two (1-2), Cause Number EV12C0026969.  BONY served Cotton with eviction summons and a petition on January 12, 2013.  BONY won the case and was awarded judgment for possession of the property on January 23, 2013.  Cotton, proceeding *pro se* and *in forma pauperis*, appealed the judgment to the County Civil Court at Law One of Harris County, Texas, Docket Number 1027338.  Although the case was set for trial on March 18, 2012, one day before Cotton removed the suit, purportedly on diversity grounds, asserting that the amount in controversy was the current market value of the property, or $77,569.00.  BONY did not move for remand, but instead, on July 11, 2014 filed its pending motion for summary judgment, arguing that this Court should enter a judgment in BONY's favor and award it possession of the property.  Now represented by counsel, Cotton, in her response (#15), contended that the removal was improper because the amount in controversy was less than $75,000.00.

When a lawsuit's dispute is over loss of title or a property, the value of the property constitutes the measure of the amount in controversy for removal. *Wells Fargo Bank NA v. Agnew*, Civ. A. No. 3:14-CV-1646-L, 2014 WL 2158420, at *3 (N.D. Tex. May 23, 2014), *citing Burr v. JP Morgan Chase Bank, N.A.*, No. 4:11-CV-03519, 2012 WL 1016121, at *3 (S.D. Tex. Mar. 23, 2012).  When the lawsuit is

a forcible detainer action involving foreclosed property, however, the amount in controversy is not the fair market value of the property; instead it is the value of the right of possession. *Agnew*, 2014 WL 2158420, at *4, *citing Fed. Nat. Mortg. Ass'n v. Talley*, No. 3:12-CV-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *report and recommendation adopted*, 2012 WL 4005760 (N.D. Tex. Sept. 11, 2012)(collecting cases); *Ezon v. Cornwall Equities, Ltd.*, 540 F. Supp. 885, 889 (S.D. Tex. 1982).

Moreover there is no federal question jurisdiction here. "A post-foreclosure action for forcible detainer and writ of possession arises solely under state law and does not provide a basis for federal jurisdiction." *Agnew*, 2014 WL 2158420, at *3, *citing Fed. Nat. Mortg. Ass'n v. Elliott*, No. 3:10-CV-1321-L, 2010 WL 4627833, at *4 (N.D. Tex. Nov. 16, 2010)(holding that a forcible detainer action to evict residents and obtain physical possession of property under Tex. Prop. Code § 24.004 does not raise a federal claim or provide a basis for federal question jurisdiction).

Thus the Court agrees with Magistrate Judge Stacy that the removal was improper and that the case must be remanded for lack of subject matter jurisdiction. Accordingly, the Court

ADOPTS the Magistrate Judge's memorandum and recommendation as its own and

ORDERS that this case is REMANDED to the County Civil Court at Law No. One, Harris County, Texas because this Court lacks subject-

-5-

matter jurisdiction.

    **SIGNED** at Houston, Texas, this  6th  day of  October , 2014.

                                                              _____
                                                                 MELINDA HARMON
                                        UNITED STATES DISTRICT JUDGE